AMBER NUNEZ            *       NO. 2024-CA-0103

VERSUS              *       COURT OF APPEAL

CHAD BLANCHARD       *       FOURTH CIRCUIT

                           *       STATE OF LOUISIANA

                           *

                           *

* * * * * * *

*JCL*

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS.**

I concur in part with the majority in converting the appeal to an application for supervisory writ and denying the request for attorney fees and court costs associated with the filing of this application for supervisory writ.

However, I respectfully dissent in part and would grant the writ and reverse the district court's ruling that removed the children from their public school because the school failed to implement Section 504 and Individualized Education Plans and Accommodations as mandated due to the children's ADHD medical diagnosis ("Mandated ADHD Treatment"). I find that the evidence failed to prove that it was in the best interest of the children to transfer them from Homer Plessy, an Orleans Parish school in the Mid City neighborhood of New Orleans, to Gauthier Elementary, a St. Bernard Parish public school.

I find that the district court was clearly wrong in its finding that transferring the children to Gauthier Elementary would result in the proper implementation of their Mandated ADHD Treatment. C.B. failed to produce sufficient evidence proving that Gauthier Elementary would implement the Mandated ADHD Treatment as sought or would otherwise improve the children's academic situation from what was experienced while the children attended Homer Plessy. The district court failed to find that, in order for C.B. to meet his heightened burden of proof, it

1

was necessary to produce evidence of each school's policies and testimony from the healthcare providers and schools' employees responsible for the implementation of Mandated ADHD Treatment for students with the medical diagnosis of ADHD.

The district court and majority decisions send the wrong message to other schools that fail to implement Mandated ADHD Treatment – that they can avoid accountability by simply allowing courts to remove the students who need accommodations the most. This precedent could produce a chilling effect and potentially harm countless children with ADHD diagnosis whose mandatory educational needs are not met.

The record is clear that the psychoeducational assessments, completed in July 2023, outlined specific steps that both parents and the school should undertaken to ensure the children received proper treatment and support for their ADHD diagnoses. These included starting ADHD medication, academic support beyond the classroom, and weekly meetings with a learning specialist. The district court, parents, and school allowed months to pass without meaningful intervention. Instead of ensuring that the children received the appropriate Mandated ADHD Treatment and support at their school, the decision to litigate the issue of school choice did not address the central issue dealing with the lack of consistent follow-through on medical and educational requirements.

Additionally, adjusting to ADHD medication can take time and requires close monitoring by parents, educators, and courts. The majority and the district court have not given adequate consideration to how these new interventions, if properly implemented and supported at Homer Plessy, might positively impact the children's academic progress. Instead of allowing time for the medication to take effect and for the school to implement the Mandated ADHD Treatment, the court

rushed to the drastic measure of changing schools, with insufficient evidence that such a change is in the best interest of these children in the long term.

This case underscores the challenges of the courts and schools to protect the educational rights of children with ADHD and to enforce legal mechanisms designed to enforce those rights. The solution here is not to throw up our hands and move children to a new school. It is to ensure that existing laws, like the laws regulating Mandated ADHD Treatments, are followed and promptly implemented. The district court had various options to ensure that Homer Plessy complied with the law, and it failed to exercise those remedies.[1]

The district court erred in ordering the change of schools without requiring sufficient evidence that Gauthier Elementary was in the best interest of the children. The court had a critical opportunity to address systemic failures related to this custody case, such as the parents' neglect in promptly following through with medical and educational recommendations, and the school's failure to provide legally mandated ADHD accommodations. The court's failure to address these systemic issues in a manner that protected the children's stability and well-being should have been a key focus for the majority. Instead, the majority's decision only exacerbates the problem by affirming a ruling that risks destabilizing the children's education, causing unnecessary hardship on the domiciliary parent, and undermining her decision-making authority.

---

[1] District courts can revise custody agreements to require parents to request 504 Plan reviews, pursue mediation or due process hearings, and seek legal advocacy to ensure school compliance, playing a critical role in prioritizing children's educational needs. In addition, mandatory reporting for children neglected due to non-treatment of prescribed ADHD and related needs, such as failure to implement a 504 Plan, is crucial to ensuring their access to a free appropriate public education under Section 504 of the Rehabilitation Act of 1973. Failure to accommodate a child's educational needs may be considered educational and healthcare neglect, triggering mandatory reporting and legal remedies to enforce the child's right to proper education and treatment. When schools or parents fail to provide necessary accommodations, juvenile courts can intervene by appointing a Court-Appointed Special Education Advocate or guardian ad litem to ensure compliance, investigate neglect, and recommend solutions.

The district court neglected its duty to protect the children's best interests by favoring expedience over thoughtful and effective solutions. Courts should require parents of children with ADHD seeking a school change due to a school's alleged failure to comply with laws protecting children with ADHD to provide sufficient evidence and testimony from educational and healthcare professionals. Accountability and coordination from parents, schools, healthcare, and the courts are essential to fulfilling the obligation to protect these children.